■ In the Matter of KENNETH S., Appellant.—Appeal from an order of the Family Court, Kings County, dated June 8, 1977, which, upon a determination that appellant is a juvenile delinquent, made after a fact-finding hearing, placed him with the Division for Youth for a period of three years, pursuant to a restrictive placement. Order affirmed, without costs or disbursements. The Family Court failed to comply with subdivision 1 of section 753-a of the Family Court Act because it placed appellant restrictively without making specific written findings of fact as to the considerations stated in subdivision 2 (pars [a], [b], [c]) of section 753-a. That should have been done. However, a preponderance of the evidence presented as to each of the required considerations stated in subdivision 2 supports the court's disposition (see Family Ct Act, § 753-a, subd 1). The absence of certain of the required written findings did not affect the fairness of the dispositional hearing accorded appellant and, accordingly, no new hearing is warranted. Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD WILLIAM BEERY, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Suffolk County, imposed May 5, 1977. Sentence affirmed. No opinion. This case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Hopkins, J. P., Latham, Cohalan and Margett, JJ., concur.