■ In the Matter of HOWARD BRODSKY, Appellant, v BOARD OF EDUCATION OF THE BRENTWOOD UNION FREE SCHOOL DISTRICT et al., Respondents.— In a proceeding to CPLR article 78, *inter alia,* to enjoin the respondent board of education from requiring petitioner to submit to a psychiatric examination, petitioner appeals from a judgment of the Supreme Court, Suffolk County, dated August 15, 1977, which dismissed the petition. Judgment affirmed, without costs or disbursements. The directive that petitioner submit to a psychiatric examination was not arbitrary or unreasonable on the record presented. There was ample evidence of an unprofessional pattern of behavior which was cause for concern in the school district, where petitioner held the sensitive position of administrator of the district's special education program. The attention of the parties is called to section 913 of the Education Law, which places a limitation on the persons who may be selected to conduct such an examination. We have considered petitioner's other contentions and find them to be without merit. Mollen, P. J., Latham, Suozzi, Gulotta and Cohalan, JJ., concur.

■ In the Matter of SAMUEL M., Appellant.—Appeal from an order of the Family Court, Kings County, dated October 12, 1977, which, upon a determination after a fact-finding hearing that appellant had committed acts which, if committed by an adult, would constitute certain crimes, adjudicated him a juvenile delinquent and placed him with the Division for Youth for a period of three years, pursuant to a restrictive placement. Order affirmed, without costs or disbursements. The Family Court should have made specific written findings of fact as to each of the considerations set forth in subdivision 2 of section 753-a of the Family Court Act (see *Matter of Kenneth S.,* 59 AD2d 744). However, on the facts in the record, we find that the Family Court's disposition was supported by a preponderance of the evidence. Rabin, J. P., Gulotta, Cohalan and Margett, JJ., concur.

■ In the Matter of ALEX L. WASILEWSKI, Respondent, v GEORGE MEYER, as Personnel Officer of the Suffolk County Department of Civil Service, Appellant.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Personnel Officer of the Suffolk County Department of Civil Service to grant petitioner's request for a transfer from the Police Department of the Town of East Hampton to the Police Department of the County of Suffolk, the appeal is from a judgment of the Supreme Court, Suffolk County, dated December 8, 1977, which, *inter alia,* directed the said personnel officer to take the necessary steps to effectuate the transfer. Judgment affirmed, with $50 costs and disbursements. The unique facts and circumstances of this case warranted the conclusion reached by Special Term. Mollen, P. J., Latham, Suozzi, Gulotta and Cohalan, JJ., concur.