■ In the Matter of BEVERLY PETROCELLI, Respondent, v ZONING BOARD OF APPEALS OF THE VILLAGE OF KINGS POINT et al., Appellants. [722 NYS2d 34] —In a proceeding pursuant to CPLR article 78 to review so much of a determination of the Zoning Board of Appeals of the Village of Kings Point, a/k/a Board of Appeals of the Village of Kings Point, dated December 1, 1999, as, after a hearing on a subdivision application, denied the petitioner's application for variances regarding legal pre-existing, nonconforming accessory structures unless certain conditions were met, the appeal is from (1) an order of the Supreme Court, Nassau County (Segal, J.), dated April 4, 2000, and (2) a judgment of the same court, entered April 27, 2000, which granted the petition and struck the conditions aimed at extinguishing the nonconforming uses and structures on the subject property.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The appeal from the order must be dismissed, as no appeal lies as of right from an intermediate order in a proceeding pursuant to CPLR article 78 (see, CPLR 5701 [b] [1]), and, in any event, the right of direct appeal therefrom terminated with the entry of judgment in the proceeding (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The petitioner sought to subdivide her seven-acre lot into three building lots. Pursuant to the application, one lot would retain the existing main house and certain pre-existing, nonconforming structures, including a masonry garage, two-story cottage, and frame garage. The Zoning Board of Appeals of the Village of Kings Point, a/k/a Board of Appeals of the Village of Kings Point, determined that the petitioner's subdivision required use variances with regard to the nonconforming structures, and directed that as conditions to the granting of the application the petitioner, *inter alia*, demolish the two-story cottage and frame garage, remove cooking facilities from the masonry garage, and agree not to rent the masonry garage.

The Supreme Court properly determined that the petitioner did not need use variances to maintain living quarters in the two-story cottage and masonry garage, since the zoning ordinances of the Village of Kings Point did not contain a prohibition against an increase in the volume or intensity of the prior nonconforming use (see, *Matter of Tartan Oil Corp. v Board of Zoning Appeals*, 213 AD2d 486). Therefore, the Supreme Court properly struck the conditions pertaining to the nonconforming accessory structures.

The appellants' remaining contentions are without merit. Friedmann, J. P., McGinity, Feuerstein and Smith, JJ., concur.