In the Matter of WESTCHESTER COUNTY CORRECTION OFFI-CERS BENEVOLENT ASSOCIATION, INC., et al., Respondents, v COUNTY OF WESTCHESTER et al., Appellants. [896 NYS2d 474]—

In a proceeding, inter alia, pursuant to CPLR 7803 (1), (2) and (3), to, among other things, compel the County of Westchester and the Westchester County Department of Correction to comply with the terms of a collective bargaining agreement, the County of Westchester and the Westchester County Department of Correction appeal, (1), as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Cohen, J.), entered August 11, 2008, as denied those branches of their motion which were to dismiss the petition for failure to exhaust contractual and administrative remedies and on the ground that the proceeding was improperly commenced pursuant to CPLR article 78, and (2) from a judgment of the same court entered February 9, 2009, which, inter alia, granted those branches of the petition which were to direct the County of Westchester and the Westchester County Department of Correction to reinstate the individual petitioners' accrued time which had been deducted while a final determination on their respective statuses was pending and enjoined the County of Westchester and the Westchester County Department of Correction from making such deductions in connection with similarly-situated correction officers during the time the determinations on their respective statuses are pending.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the petitioners.

The appeal from the intermediate order must be dismissed since an order made in a CPLR article 78 proceeding is not appealable as of right (see CPLR 5701 [b] [1]), and any possibility of taking a direct appeal therefrom terminated with the entry of final judgment in the proceeding (see Matter of Aho, 39 NY2d 241, 248 [1976]).

The petitioner correction officers (hereinafter officers), employed by the County of Westchester and the Westchester County Department of Corrections (hereinafter together the County), each sustained injuries in the line of duty and were

out of work for a period of time due to these injuries. The officers were awarded benefits during that time pursuant to General Municipal Law § 207-c. After an officer is awarded benefits pursuant to that section, a municipality may have that officer periodically examined to determine whether the officer is able to return to work. The officers were all evaluated by the County's independent medical examiner (hereinafter IME) and were determined to be able to return to work. Each officer contested the determination in accordance with the collective bargaining agreement (hereinafter CBA), which resulted from negotiations between the officers' union, the Westchester County Correction Officers Benevolent Association (hereinafter COBA), and the County. Under the CBA, the officers had the option of having the IME's adverse determinations reviewed by either a medical consultant or a hearing officer. The officers all chose to have the determinations reviewed by the medical consultant. The medical consultant found that each of the officers was able to return to work, and had been able to return to work for a period of time prior to the date of the medical consultant's determination.

The petitioners challenge, inter alia, the placement by the County of the officers on so-called "job pending" status until a final determination was rendered either by the hearing officer or medical consultant. Individuals placed on "job pending" status were to be paid only if they had accrued time, such as vacation or sick time, which was deducted by the County. In other words, individuals on "job pending" status were required to use their accrued vacation or sick time if they wanted to be paid during the pendency of their challenge to the IME's determination. According to the petitioners, if an individual had no accrued time, or exhausted that time, the individual would not be paid. Thus, according to the petitioners, rather than continuing to provide such officers with benefits pursuant to General Municipal Law § 207-c and retaining such officers on "line of duty" status until a final determination was reached, the County created a new status in violation of the CBA and in violation of lawful procedure.

On or about June 13, 2007, COBA filed grievances on behalf of the officers and "all similarly affected COBA members." However, instead of arbitrating the grievances, the officers and COBA commenced this proceeding pursuant to CPLR article 78 seeking, inter alia, to compel the County to restore the officers' accrued time that had been deducted, and to enjoin the County from such deductions in the future.

"[A] written agreement that is complete, clear and unambigu-

ous on its face must be enforced according to the plain meaning of its terms" (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]). Here, the unmistakable language of the collective bargaining agreement between the petitioners and the County provided that, in the event that a correction officer who is injured in the line of duty disputes a finding by the medical examiner that he or she is able to return to work, the correction officer may then submit the dispute to a hearing officer or independent medical consultant. The language from the CBA governing the parties' rights and responsibilities while the dispute is pending and immediately thereafter reads, in relevant part, as follows: "The Department agrees to retain all correction officers subject to such medical disputes . . . on full pay, line of duty status until such date as a decision is rendered by the hearing officer, or medical consultant. The parties agree, however, that if the Department prevails on the issue, the correction officer shall return to work. Should an employee fail to abide by the hearing officer or medical consulting service's determination . . . by failing to appear for . . . duty, the employee will be removed from the payroll."

This provision clearly and unambiguously provides for the retention of the officers under the circumstances at issue here "on full pay, line of duty status" while their challenges were pending. It does not contemplate the reclassification of officers who challenge the findings of medical examiners while those challenges are pending, nor does it authorize the County to deduct accrued time the officers may have, if any, during that time, and, once such accrued time is exhausted, to not pay the officers at all.

Moreover, the Court of Appeals recently determined that "[a] municipality is not permitted to *recoup* section 207-c payments where, as here, the officer avails himself [or herself] of due process protections by challenging the medical examiner's determination because such a challenge cannot be equated with a refusal to return to duty" (*Matter of Park v Kapica*, 8 NY3d 302, 312 [2007]). While the municipality in *Park* sought to recoup payments pursuant to General Municipal Law § 207-c, and here the County purports to undertake its action pursuant to, inter alia, the CBA, as discussed above, the language of the CBA clearly provides that, during the pendency of the officers' challenges to the findings of the IMEs, they are to be retained "on full pay, line of duty status."

The County's remaining contentions are without merit.

Accordingly, the Supreme Court correctly granted those branches of the petition which were to direct the County to re-

instate the officers' accrued time and enjoined the County from making such deductions in connection with similarly-situated correction officers during the time the determinations on their status are pending. Rivera, J.P., Angiolillo, Dickerson and Roman, JJ., concur.