In the Matter of SUSAN SERAYDAR, Appellant, v THREE VILLAGE CENTRAL SCHOOL DISTRICT et al., Respondents. [935 NYS2d 125]—

The appeal from the order must be dismissed since an order made in a CPLR article 78 proceeding is not appealable as of right (see CPLR 5701 [b] [1]; Matter of Petrocelli v Zoning Bd. of Appeals of Vil. of Kings Point, 281 AD2d 423 [2001]), and any possibility of taking a direct appeal therefrom terminated with the entry of judgment in the proceeding (see Matter of Aho, 39 NY2d 241, 248 [1976]; Matter of Westchester County Correction Officers Benevolent Assn., Inc. v County of Westchester, 71 AD3d 1040, 1040 [2010]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The petitioner was a special education teacher at Ward Melville High School in East Setauket, a school within the Three Village Central School District (hereinafter the District). On November 30, 2009, the petitioner was relieved of her teaching duties and administratively reassigned. On December 9, 2009, the District directed the petitioner to submit to a psychiatric examination pursuant to Education Law § 913, to be administered

on December 11, 2009. The petitioner did not appear for the examination. The District rescheduled the examination for December 22, 2009. However, the petitioner again did not appear for the examination. The petitioner then commenced this proceeding pursuant to CPLR article 78, inter alia, to review the District's determination to require her to submit to a psychiatric examination pursuant to Education Law § 913. The Supreme Court denied the petition and dismissed the proceeding, concluding that the District's directive to the petitioner requiring her to undergo a psychiatric examination was not arbitrary and capricious, an abuse of discretion, or unreasonable. We affirm.

"Teachers in this State are generally required to submit to an examination to determine their physical and mental fitness to perform their duties (Education Law § 913)" (*Matter of Patchogue-Medford Congress of Teachers v Board of Educ. of Patchogue-Medford Union Free School Dist.*, 70 NY2d 57, 69 [1987]). School districts have "an interest in seeing that [their] teachers are fit," and "it is not unreasonable to require teachers to submit to further testing when school authorities have reason to suspect that they are currently unfit for teaching duties" (*id.*; *see generally* Education Law § 913).

Here, there is ample evidence in the record of unprofessional behavior and questionable judgment exhibited by the petitioner which provided the District with reason to suspect that the petitioner may be unfit for her teaching duties (*see Matter of Brodsky v Board of Educ. of Brentwood Union Free School Dist.*, 64 AD2d 611 [1978]; *cf. Matter of Gardner v Niskayuna Cent. School Dist.*, 42 AD3d 633 [2007]; *Matter of Fitzpatrick v Board of Educ. of Mamaroneck Union Free School Dist.*, 96 AD2d 557, 558 [1983]). Accordingly, as the Supreme Court properly determined, the District's directive to the petitioner to submit to a psychiatric examination pursuant to Education Law § 913 was not arbitrary and capricious, an abuse of discretion, or unreasonable (*see Matter of Brodsky v Board of Educ. of Brentwood Union Free School Dist.*, 64 AD2d at 611). Consequently, such an examination should be scheduled on notice to the petitioner.

The petitioner's remaining contentions either are without merit or need not be reached in light of our determination. Skelos, J.P., Balkin, Dickerson and Eng, JJ., concur.