■ In the Matter of Leo Sweeney, Appellant, v Alan Schneider, as Personnel Director of the County of Suffolk, et al., Respondents. [999 NYS2d 853]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Suffolk County Department of Human Resources, Personnel, and Civil Service dated November 1, 2010, affirming its prior determination that the petitioner was not qualified to be considered for employment as a police officer, the petitioner appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated August 15, 2012, as granted the respondents' motion to dismiss the amended petition, and (2) so much of a judgment of the same court entered November 16, 2012, as, upon the order, dismissed the proceeding.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed since an intermediate order made in a CPLR article 78 proceeding is not appealable as of right (*see* CPLR 5701 [b] [1]; *Matter*

*of Smyles v Board of Trustees of Inc. Vil. of Mineola*, 120 AD3d 822 [2014]; *Matter of Seraydar v Three Vil. Cent. School Dist.*, 90 AD3d 936 [2011]), and any possibility of taking a direct appeal therefrom terminated with the entry of the judgment in the proceeding (*see Matter of Aho*, 39 NY2d 241, 248 [1976]; *Matter of Westchester County Correction Officers Benevolent Assn., Inc. v County of Westchester*, 71 AD3d 1040 [2010]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a]).

The petitioner challenges a determination that he was not qualified for employment as a Suffolk County police officer based on his performance on a psychological assessment. The petitioner's name was included on a list of eligible candidates issued in December 2007. The eligibility list expired by operation of law in December 2010, rendering the issues presented in the instant proceeding academic by the time the proceeding was commenced (*see* Civil Service Law § 56 [1]; *Matter of Deas v Levitt*, 73 NY2d 525, 531 [1989]; *Hancock v City of New York*, 272 AD2d 80, 81 [2000]). As the matter did not warrant the invocation of the exception to the mootness doctrine, the Supreme Court properly granted the respondents' motion to dismiss the amended petition, and dismissed the proceeding (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]).

The petitioner's remaining contentions are without merit. Rivera, J.P., Roman, Duffy and Barros, JJ., concur.