■ In the Matter of DANNY DONOHUE, as President of the Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO, et al., Appellants-Respondents, v NASSAU COUNTY INTERIM FINANCE AUTHORITY et al., Respondents, and EDWARD MANGANO, as County Executive of Nassau County, et al.,

Respondents-Appellants. [37 NYS3d 449]—In a proceeding, inter alia, pursuant to CPLR article 78 to annul and vacate certain resolutions enacted by the Nassau County Interim Finance Authority imposing a wage freeze upon certain employees of the County of Nassau and to compel compliance with applicable collective bargaining agreements that have been suspended as a consequence of the challenged Resolutions, (1) the petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Diamond, J.), entered March 14, 2014, as granted those branches of the motion of the Nassau County Interim Finance Authority and Jon Kaiman, in his official capacity as Chairman of the Nassau County Interim Finance Authority, and the separate motion of Edward Mangano, in his official capacity as County Executive of Nassau County, George Maragos, in his official capacity as Nassau County Comptroller, and the County of Nassau which were to dismiss the proceeding insofar as asserted against each of them, and Edward Mangano, in his official capacity as County Executive of Nassau County, George Maragos, in his official capacity as Nassau County Comptroller, and the County of Nassau cross-appeal from so much of the same order as, in effect, denied that branch of their motion which was to dismiss as time-barred that branch of the petition challenging "Wage Freezes I and II" insofar as asserted against them, and (2) the petitioners appeal from a judgment of the same court entered May 7, 2014, which, upon the order, in effect, denied the petition and dismissed the proceeding, and Edward Mangano, in his official capacity as County Executive of Nassau County, George Maragos, in his official capacity as Nassau County Comptroller, and the County of Nassau cross-appeal from so much of the same judgment as, upon the order, in effect, failed to dismiss as time-barred the proceeding pertaining to "Wage Freezes I and II."

Ordered that the appeal and cross appeal from the order are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents-respondents-appellants.

The appeal and cross appeal from the intermediate order must be dismissed since an intermediate order made in a CPLR article 78 proceeding is not appealable as of right (*see* CPLR 5701 [b] [1]; *Matter of Smyles v Board of Trustees of Inc. Vil. of Mineola*, 120 AD3d 822 [2014]), and any possibility of taking a direct appeal or cross appeal therefrom terminated with the entry of the judgment in the proceeding (*see Matter of Aho*, 39

NY2d 241, 248 [1976]; *Matter of Westchester County Correction Officers Benevolent Assn., Inc. v County of Westchester*, 71 AD3d 1040 [2010]). The issues raised on the appeal and cross appeal from the order are brought up for review and have been considered on the appeal and cross appeal from the judgment (*see* CPLR 5501 [a] [1]).

For the reasons stated in our decision and order on a related appeal (*Matter of Carver v Nassau County Interim Fin. Auth.*, 142 AD3d 1003 [2d Dept 2016] [decided herewith]), the Supreme Court properly, in effect, denied the petition and dismissed the proceeding pursuant to CPLR 3211 (a) and 7804 (f).

The contention raised on the cross appeal, that the branch of the petition challenging "Wage Freezes I and II" was time-barred, also is without merit for the reasons set forth in the determination on that related appeal (*Matter of Carver v Nassau County Interim Fin. Auth.*,142 AD3d 1003 [2d Dept 2016] [decided herewith]). Dillon, J.P., Chambers, Hall and Duffy, JJ., concur.