■ In the Matter of FRANKLIN KIRKLAND, Appellant, v ANTHONY J. ANNUCCI, Acting Commissioner, New York State Department of Corrections and Community Supervision, Respondent. [54 NYS3d 40]—

In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondent, Anthony J. Annucci, Acting Commissioner of the New York State Department of Corrections and Community Supervision, inter alia, to release the petitioner from Fishkill Correctional Facility, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Dutchess County (Rosa, J.), dated June 11, 2015, which granted the respondent's motion to dismiss the petition and, in effect, dismissed the proceeding.

Ordered that the order and judgment is affirmed, without costs or disbursements.

In 2011, the petitioner was convicted of criminal sexual act in the second degree and was sentenced to a determinate term of imprisonment of five years, to be followed by five years of postrelease supervision. He reached the maximum expiration date of his prison sentence on March 31, 2015. At that time, the New York State Department of Corrections and Community Supervision (hereinafter DOCCS) transferred him to Fishkill Correctional Facility (hereinafter Fishkill), which DOCCS has designated a residential treatment facility (*see* 7 NYCRR 100.90 [c] [3]).

The petitioner commenced this proceeding pursuant to CPLR article 78 to compel the respondent, Anthony J. Annucci, as Acting Commissioner of DOCCS, inter alia, to comply with his obligations pursuant to Correction Law § 201 (5) and 9 NYCRR 8002.7 to assist the petitioner in finding housing located more than 1,000 feet from "school grounds" (Executive Law § 259-c [14]; Penal Law § 220.00 [14]), and to release him from Fishkill to either a residential treatment facility, as defined by Correction Law § 2 (6), or to approved housing in the community. During the pendency of the proceeding, DOCCS transferred the petitioner to a shelter in Brooklyn. The Supreme Court granted the respondent's pre-answer motion to dismiss the petition, and, in effect, dismissed the proceeding. The court concluded that the proceeding had been rendered academic by the petitioner's release to compliant housing and that no exceptions to the mootness doctrine applied. The petitioner appeals, seeking reinstatement of the petition and a determination on the merits.

"It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the

tribunal" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713 [1980]). "Courts are generally prohibited from issuing advisory opinions or ruling on hypothetical inquiries. Thus, an appeal is moot unless an adjudication of the merits will result in immediate and practical consequences to the parties" (*Coleman v Daines*, 19 NY3d 1087, 1090 [2012] [citation omitted]; *see Matter of New York State Commn. on Jud. Conduct v Rubenstein*, 23 NY3d 570, 576 [2014]; *Matter of Hearst Corp. v Clyne*, 50 NY2d at 714). Here, since the petitioner received the ultimate relief he was seeking, the Supreme Court properly concluded that the proceeding had been rendered academic. Moreover, the court did not improvidently exercise its discretion in declining to invoke an exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne*, 50 NY2d at 714-715). Significantly, as demonstrated by the petitioner's submissions, that court had determined the merits of at least two other CPLR article 78 petitions involving similarly-situated inmates, and thus the issues raised are not evading judicial review (*see id.*). Rivera, J.P., Hall, Roman and Brathwaite Nelson, JJ., concur.