In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Glen Oaks Village Owners, Inc., granting the application of Anne P. Haffey to erect a terrace without the petitioner’s consent and assessing a fee for a window replacement program on a per apartment basis rather than a per share basis, the petitioner appeals from a judgment of the Supreme Court, Queens County (Gavrin, J.), entered June 28, 2016, which denied the petition and dismissed the proceeding.
 

 Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the determination is annulled, the application of Anne P. Haffey to erect a terrace without the petitioner’s consent is denied, and the respondent Glen Oaks Village Owners, Inc., is directed to refund the sum of $683.16 to the petitioner as restitution (see CPLR 7806).
 

 The respondent Glen Oaks Village Owners, Inc. (hereinafter Glen Oaks), is a residential cooperative corporation that owns a complex of 2,904 apartments, and is managed by a board of directors (hereinafter the board). The petitioner owns 902 shares of Glen Oaks, holds proprietary leases on eight units, and does not reside in any of the units. The respondent Anne P. Haffey is a shareholder, holds a proprietary lease, and resides in a unit above one of the units in which the petitioner holds a proprietary lease. In 2004, the board promulgated guidelines and rules governing the construction of decks and terraces, including a requirement that the second-floor shareholder-tenant obtain the consent of the first-floor shareholder-tenant to erect a terrace above a first-floor window (hereinafter the consent requirement). These guidelines and rules also provided that they may be waived or altered on a case-by-case basis, and were subject to change at any time by the board.
 

 In June 2014, Haffey applied to the board for permission to construct a terrace. In accordance with the guidelines and rules, the petitioner was asked to consent to the construction of the terrace, and the petitioner refused. As reflected in the board’s minutes dated July 29, 2014, the board resolved to dispense with the consent requirement where, as here, the shares of the first-floor unit were owned by an investor who does not reside in the apartment, whose family members do not reside in the apartment, and who does not intend to reside in the apartment within the next year. Additionally, the board conducted an economic analysis and determined that the presence of the terrace had no impact upon the value of the first-floor units. As such, the board granted Haffey permission to erect the terrace without the petitioner’s consent.
 

 The petitioner commenced this proceeding pursuant to CPLR article 78 to annul the board’s determination. Glen Oaks moved to dismiss the petition, inter alia, on the ground that the relief sought by the petitioner cannot be obtained in a CPLR article 78 proceeding, and the Supreme Court denied the motion (see Matter of Dicker v Glen Oaks Vil. Owners, Inc., 153 AD3d 1398 [2017] [decided herewith]). Thereafter, the Supreme Court entered a judgment denying the petition and dismissing the proceeding, concluding that the board’s determination was protected by the business judgment rule.
 

 Initially, we note that a proceeding to review a determination of a board of a cooperative apartment may properly be commenced pursuant to CPLR article 78 (see e.g. Matter of Cohan v Board of Directors of 700 Shore Rd. Waters Edge, Inc., 108 AD3d 697 [2013]).
 

 Turning to the merits, “[i]n the context of cooperative dwellings, the business judgment rule provides that a court should defer to a cooperative board’s determination ‘[s]o long as the board acts for the purposes of the cooperative, within the scope of its authority and in good faith’ ” (40 W. 67th St. v Pullman, 100 NY2d 147, 153 [2003], quoting Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 538 [1990]). “To trigger further judicial scrutiny, an aggrieved shareholder-tenant must make a showing that the board acted (1) outside the scope of its authority, (2) in a way that did not legitimately further the corporate purpose or (3) in bad faith” (40 W. 67th St. v Pullman, 100 NY2d at 155). “[T]he broad powers of cooperative governance carry the potential for abuse when a board singles out a person for harmful treatment or engages in unlawful discrimination, vendetta, arbitrary decisionmaking and favoritism” (id. at 157).
 

 Under the circumstances of this case, the board’s determination to dispense with the consent requirement and allow Haffey to erect the subject terrace without the petitioner’s consent was not protected by the business judgment rule. By dispensing with the petitioner’s consent, and, more generally, the consent of first-floor shareholders-tenants who do not reside in the building, the board deliberately singled out the petitioner, as well as tenant-shareholders who do not reside on the premises, for harmful treatment and engaged in favoritism toward tenants-shareholders who resided on the premises. As such, the petitioner established that the board’s determination to dispense with his consent did not legitimately further the corporate purpose and was made in bad faith (see id.; Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d at 540).
 

 The petitioner also challenges the board’s assessment of a fee upon shareholders-tenants to fund a window replacement program for all units in the complex on a per apartment basis rather than a per share basis. In addition to using reserve funds, the board charged each unit the same amount, regardless of the number of shares owned by the holder of the proprietary lease. The petitioner contends that, based upon the terms of the proprietary lease, the board was required to assess the fee on a per share basis, and seeks a refund from Glen Oaks in the sum of $683.16, representing the amount he was overcharged by reason of the board’s per apartment assessment.
 

 Contrary to the Supreme Court’s determination, the proprietary lease, which governs the relationship between Glen Oaks and the petitioner (see 40 W. 67th St. v Pullman, 100 NY2d at 155), requires that any such fee be collected on a per share basis. The lease defines the term “cash requirements” as, inter alia, the estimated amount of cash which the board shall from time to time in their judgment determine to be necessary or proper for the operation, maintenance, care, alteration, and improvement of the property, and provides that such funds be payable by lessees on a per share basis. Since the board resolved that the window replacement program was necessary and proper for the operation, maintenance, care, and improve1 ment of the property, the board should have assessed the fee on shareholders on a per share basis. “The business judgment rule does not apply when a cooperative board acts outside the scope of its authority or violates its own governing documents” (Matter of Cohan v Board of Directors of 700 Shore Rd. Waters Edge, Inc., 108 AD3d 697, 699 [2013]; R & L Realty Assoc. v 205 W. 103 Owners Corp., 98 AD3d 421, 422 [2012]; Wirth v Chambers-Greenwich Tenants Corp., 87 AD3d 470, 472 [2011]). Here, the board violated the proprietary lease when it assessed the window replacement fees on a per apartment basis, and, therefore, acted outside the scope of its authority. Therefore, its determination was not protected by the business judgment rule (see Matter of Cohan v Board of Directors of 700 Shore Rd. Waters Edge, Inc., 108 AD3d at 699).
 

 Accordingly, the Supreme Court should have granted the petition, annulled the board’s determination, denied Haffey’s application to erect a terrace without the petitioner’s consent, and directed Glen Oaks to refund the sum of $683.16 to the petitioner as restitution (see CPLR 7806).
 

 Hall, J.P., Roman, Cohen and Barros, JJ., concur.