In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Glen Oaks Village Owners, Inc., granting the application of Anne P. Haffey to erect a terrace without the petitioner’s consent and assessing a fee for a window replacement program on a per apartment basis rather than a per share basis, Glen Oaks Village Owners, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Gavrin, J.), dated September 2, 2015, as denied its motion pursuant to CPLR 7804 (f) to dismiss the petition.
 

 Ordered that the appeal from the order is dismissed, without costs or disbursements.
 

 The appeal from the intermediate order must be dismissed, since an intermediate order made in a CPLR article 78 proceeding is not appealable as of right (see CPLR 5701 [b] [1]; Matter of Sweeney v Schneider, 123 AD3d 1049, 1049-1050 [2014]; Matter of Smyles v Board of Trustees of Inc. Vil. of Mineola, 120 AD3d 822, 823 [2014]; Matter of Seraydar v Three Vil. Cent. School Dist., 90 AD3d 936, 936 [2011]), and any possibility of taking a direct appeal therefrom terminated with the entry of judgment in the proceeding (see Matter of Dicker v Glen Oaks Vil. Owners, Inc., 153 AD3d 1399 [2017] [decided herewith]; Matter of Aho, 39 NY2d 241, 248 [1976]; Matter of Sweeney v Schneider, 123 AD3d at 1050). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
 

 Hall, J.P., Roman, Cohen and Barros, JJ., concur.