Matter of Garvey v Sullivan (2018 NY Slip Op 07724)





Matter of Garvey v Sullivan


2018 NY Slip Op 07724


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2015-07298
2016-01048
 (Index No. 2416/12)

[*1]In the Matter of Michael Garvey, appellant,
v
Michael Sullivan, etc., et al., respondents.


Feerick Lynch MacCartney & Nugent, PLLC, South Nyack, NY (Donald J. Feerick, Jr., of counsel), for appellant.
Vincent Toomey, New Hyde Park, NY (Jaimee L. Pocchiari of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, the petitioner appeals from (1) an order of the Supreme Court, Rockland County (Gerald E. Loehr, J.), dated April 29, 2015, and (2) a money judgment of the same court entered July 3, 2015. The order dated April 29, 2015, insofar as appealed from, denied that branch of the petitioner's motion which was for leave to renew his request for relief pending determination of the petition, which request had been, in effect, denied in an order of the same court dated February 21, 2013, and awarded costs to the respondents in the form of attorneys' fees in the sum of $2,500. The money judgment entered July 3, 2015, upon the order, is in favor of the respondents and against the petitioner in the principal sum of $2,500.
ORDERED that the appeal from the order dated April 29, 2015, is dismissed; and it is further,
ORDERED that the money judgment is reversed, on the law, and so much of the order dated April 29, 2015 as awarded costs to the respondents in the form of attorneys' fees in the sum of $2,500 is vacated; and it is further,
ORDERED that one bill of costs is awarded to the petitioner.
This case has previously been before this Court for a substantial evidence determination pursuant to CPLR 7804(g), and the facts underlying the proceeding are set forth in our decision and order determining the prior appeal (Matter of Garvey v Sullivan, 129 AD3d 1078). In the prior appeal, we concluded that a November 12, 2012, determination to terminate the petitioner's General Municipal Law § 207-c benefits, made following a hearing, was supported by substantial evidence, and denied the petition and dismissed the proceeding. While the prior appeal was pending, the petitioner moved, inter alia, in the Supreme Court for leave to renew his request for relief pending determination of the petition, which request had been, in effect, denied in an order of the Supreme Court dated February 21, 2013, transferring the proceeding to this Court for a substantial evidence determination. By order dated April 29, 2015, the Supreme Court denied that branch of the petitioner's motion which was for leave to renew, and awarded costs to the respondents in the form of attorneys' fees in the sum of $2,500. A money judgment in favor of the respondents and [*2]against the petitioner in the sum of $2,500 was entered on July 3, 2015. The petitioner appeals from the order dated April 29, 2015, and the money judgment.
The appeal from so much of the order dated April 29, 2015, as denied that branch of the petitioner's motion which was for leave to renew must be dismissed, as no appeal lies as of right from an intermediate order made in a CPLR article 78 proceeding (see CPLR 5701[b][1]; Matter of Dicker v Glen Oaks Vil. Owners, Inc., 153 AD3d 1398). Moreover, we decline to grant leave to appeal from that portion of the order because the appeal has been rendered academic by this Court's determination in the prior appeal (see Matter of Garvey v Sullivan, 129 AD3d 1078).
The appeal from so much of the order dated April 29, 2015, as awarded costs to the respondents in the form of attorneys' fees must also be dismissed, as that portion of the order was superseded by the money judgment.
"The court, in its discretion, may award to any party or attorney in any civil action or proceeding before the court, . . . costs in the form of reimbursement for . . . reasonable attorney's fees, resulting from frivolous conduct" (22 NYCRR 130-1.1[a]). An award of costs or the imposition of sanctions "may be made either upon motion in compliance with CPLR 2214 or 2215 or upon the court's own initiative, after a reasonable opportunity to be heard" (22 NYCRR 130-1.1[d]). Here, the respondents did not cross-move for costs or sanctions in compliance with CPLR 2215, the respondents' opposition to the petitioner's motion for leave to renew did not clearly articulate a request for costs or sanctions, and there is no indication in this record that the petitioner was afforded an opportunity to be heard on this issue (see Fried v Jacob Holding, Inc., 110 AD3d 56). Accordingly, the court improvidently exercised its discretion in awarding costs to the respondents in the form of attorneys' fees in the sum of $2,500 (see 22 NYCRR 130-1.1[a], [d]).
The parties' remaining contentions need not be reached in light of our determination.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court