Matter of Aguilera v Annucci (2018 NY Slip Op 08926)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Aguilera v Annucci

2018 NY Slip Op 08926

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-05023
(Index No. 4237/15)

[*1]In the Matter of Jean Carlos Aguilera, appellant, 
vAnthony J. Annucci, etc., respondent.

Robert S. Dean, New York, NY (Abigail Everett of counsel), for appellant.
Barbara D. Underwood, Attorney General, New York, NY (Anisha S. Dasgupta and Ester Murdukhayeva of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondent, Anthony J. Annucci, Acting Commissioner of the New York State Department of Corrections and Community Supervision, inter alia, to release the petitioner from Fishkill Correctional Facility, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Joan S. Posner, J.), dated April 14, 2016. The judgment dismissed the petition as academic.
ORDERED that the judgment is affirmed, without costs or disbursements.
The petitioner pleaded guilty to two counts of criminal sexual act in the second degree and was sentenced to two concurrent terms of 3½ years in prison to be followed by 10 years of post-release supervision. The petitioner was subsequently adjudicated a risk level one sex offender pursuant to the Sex Offender Registration Act (hereinafter SORA) (see Correction Law art 6-C). As a result of the victim's age, the petitioner was subject to the provisions of the Sexual Assault Reform Act (L 2000, ch 1, § 8, as amended by L 2005 ch 544, § 2 [hereinafter SARA]) prohibiting him from, while on postrelease supervision, residing within 1,000 feet of a school or place where children congregate (see Executive Law § 259-c[14]; Penal Law § 220.00[14]).
The petitioner reached the maximum expiration date of his prison sentence on September 5, 2015. At that time, the Department of Corrections and Community Supervision (hereinafter DOCCS) transferred the petitioner to Fishkill Correctional Facility (hereinafter Fishkill), which DOCCS has designated a residential treatment facility (see 7 NYCRR 100.90[c][3]). The petitioner commenced this proceeding pursuant to CPLR article 78, inter alia, to compel the respondent, Anthony J. Annucci, Acting Commissioner of DOCCS, to comply with his obligations pursuant to Correction Law § 201(5) and 9 NYCRR 8002.7 to assist the petitioner in finding SARA-compliant housing, and to release him from Fishkill to either a "legitimate" residential treatment facility pursuant to Penal Law § 70.45(3), or to approved housing in the community. After the Supreme Court heard oral argument on the petition, DOCCS released the petitioner to SARA-compliant housing. Consequently, the court dismissed the petition as academic. The petitioner appeals.
"It is a fundamental principle of our jurisprudence that the power of a court to declare [*2]the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713). "Courts are generally prohibited from issuing advisory opinions or ruling on hypothetical inquiries. Thus, an appeal is moot unless an adjudication of the merits will result in immediate and practical consequences to the parties" (Coleman v Daines, 19 NY3d 1087, 1090 [internal citation omitted]; see Matter of New York State Commn. on Jud. Conduct v Rubenstein, 23 NY3d 570, 576; Matter of Hearst Corp. v Clyne, 50 NY2d at 714). Here, since the petitioner received the ultimate relief he was seeking, we agree with the Supreme Court that the proceeding was thereby rendered academic (see Matter of Kirkland v Annucci, 150 AD3d 736, 738). Moreover, the court providently exercised its discretion in declining to invoke an exception to the mootness doctrine (see Matter of Hearst Corp. v Clyne, 50 NY2d at 714-715; Matter of Kirkland v Annucci, 150 AD3d at 738), since, as is evident from the petitioner's own submissions, the court has determined the merits of other similar CPLR article 78 petitions such that the issues raised are not evading judicial review (see Matter of Hearst Corp. v Clyne, 50 NY2d at 714-715; Matter of Kirkland v Annucci, 150 AD3d at 738).
RIVERA, J.P., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court