Matter of Gorman v Gardyn (2020 NY Slip Op 01501)





Matter of Gorman v Gardyn


2020 NY Slip Op 01501


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-11237
 (Index No. 9950/15)

[*1]In the Matter of Jason Gorman, et al., appellants- respondents, 
v
Jorge Gardyn, et al., respondents- appellants.


Quatela Chimeri, PLLC, Hauppauge, NY (Joseph A. Quatela and James N. Salvage, Jr., of counsel), for appellants-respondents.
Ingerman Smith, LLP, Hauppauge, NY (John H. Gross, David F. Kwee, and Diana M. Cannino of counsel), for respondents-appellants.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Board of Trustees of Nassau Community College dated September 8, 2015, the petitioners appeal, and Jorge Gardyn and the Board of Trustees of Nassau Community College cross-appeal, from a judgment of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), dated September 6, 2016. The judgment denied the petition and dismissed the proceeding.
ORDERED that the cross appeal is dismissed, as Jorge Gardyn and the Board of Trustees of Nassau Community College are not aggrieved by the judgment (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to Jorge Gardyn and the Board of Trustees of Nassau Community College.
The petitioners commenced this proceeding pursuant to CPLR article 78, inter alia, to review an election of officers by the Board of Trustees of Nassau Community College (hereinafter the Board) on September 8, 2015, alleging that the Board violated the Public Officers Law in its election of officers. During the pendency of this proceeding, at a meeting on December 8, 2015, the Board held a subsequent election of officers, and in August 2016, the Board appointed a new president of Nassau Community College. The Supreme Court denied the petition and dismissed the proceeding, finding, based upon the subsequent election and appointment, that the controversies in the petition had been rendered academic. The petitioners appeal.
"It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713; see Matter of Kirkland v Annucci, 150 AD3d 736, 737). "Courts are generally prohibited from issuing advisory opinions or ruling on hypothetical inquiries. Thus, an appeal is [*2]moot unless an adjudication of the merits will result in immediate and practical consequences to the parties" (Matter of Kirkland v Annucci, 150 AD3d at 738 [internal quotation marks omitted]; see Matter of Sweeney v Schneider, 123 AD3d 1049, 1050). Here, as the Board had subsequently appointed a new president of Nassau Community College and held another election of officers, the petition and the relief sought therein was rendered academic (see Matter of Hearst Corp. v Clyne, 50 NY2d at 713; Matter of Kirkland v Annucci, 150 AD3d at 738; Matter of Sweeney v Schneider, 123 AD3d at 1050). Accordingly, we agree with the Supreme Court's determination to deny the petition and dismiss the proceeding.
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court