Matter of Boyd v Liburd (2021 NY Slip Op 02520)





Matter of Boyd v Liburd


2021 NY Slip Op 02520


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-01974
 (Index No. 2625/17)

[*1]In the Matter of Alicia Boyd, appellant, et al., petitioner/plaintiff, 
v
Michael Liburd, etc., et al., respondents. Alicia Boyd, Brooklyn, NY, appellant pro se.


James E. Johnson, Corporation Counsel, New York, NY (Fay Ng and Elizabeth I. Freedman of counsel), for respondents.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action, inter alia, for declaratory relief, the petitioner/plaintiff Alicia Boyd appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Debra Silber, J.), dated January 11, 2018. The order and judgment, insofar as appealed from, granted those branches of the motion of the respondents/defendants which were pursuant to CPLR 3211(a) to dismiss the first through tenth causes of action, and dismissed those causes of action.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
In September 2017, the petitioner/plaintiff Alicia Boyd (hereinafter the petitioner), together with another individual, commenced this hybrid proceeding pursuant to CPLR article 78 and action, inter alia, for declaratory relief against Brooklyn Community Board 9 (hereinafter the Board), three members of the Board (hereinafter the individual respondents), the New York City Department of City Planning, and the New York City Planning Commission (hereinafter collectively the respondents). The petitioner alleged, among other things, that the Board inaccurately reported its recommendation on an application for the redevelopment of the Bedford Union Armory site in Brooklyn. For these and other alleged acts, the petitioner demanded nullification of the Board's recommendation dated August 11, 2017, and related declaratory relief; nullification of the Board's revised recommendation dated September 21, 2017, and related declaratory relief; nullification of a cover letter that accompanied both recommendations and related declaratory relief; and the removal of the individual respondents from their membership on the Board or their leadership positions on the Board and its committees.
The respondents moved pursuant to CPLR 3211(a) to dismiss the petition/complaint. In an order and judgment dated January 11, 2018, the Supreme Court granted the motion. The petitioner appeals from so much of the order and judgment as granted those branches of the motion which were to dismiss the first through tenth causes of action.
New York City Charter § 2700 divides each borough into "coterminous community [*2]districts" for the purpose of "planning of community life within the city" and "the participation of citizens in city government within their communities" (see id. §§ 2701-2702). The Charter directs that each community district establish a "community board" to serve those ends (id. § 2800[a]). With respect to the Uniform Land Use Review Procedure under New York City Charter § 197-c, the role of community boards is "purely advisory in nature" (Community Bd. 7 of Borough of Manhattan v Schaffer, 84 NY2d 148, 159). Specifically, community boards have the power to "[e]xercise the initial review of applications and proposals of public agencies and private entities for the use, development or improvement of land located in the community district, including the conduct of a public hearing and the preparation and submission to the city planning commission of a written recommendation" (NY City Charter § 2800[d][17]; see Matter of Greenberg v City of New York, 38 AD3d 245, 249-250). No later than 60 days "after receipt of an application" for the use, development, or improvement of real property, an affected community board must "notify the public of the application," and then with limited exception "conduct a public hearing . . . and prepare and submit a written recommendation directly to the city planning commission and to the affected borough president" (NY City Charter § 197-c[e]). City Planning Commission regulations further specify that a community board must submit its recommendation "in writing via a form provided by the Department of City Planning and shall include a description of the application, the time and place of the public hearing on the application, the time and place of the meeting at which the recommendation was adopted and the vote by which the recommendation was adopted" (City Planning Rules and Regs of City of NY [62 RCNY] § 2-03[f][3]). The approved forms contain boxes for community boards to designate their recommendation as either "Approve," "Approve With Modifications/Conditions," "Disapprove," or "Disapprove with Modifications/Conditions."
Here, the Supreme Court properly granted those branches of the respondents' motion which were to dismiss so much of the petition/complaint as sought relief with regard to the Board's August 11, 2017 recommendation. "It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713). "Courts are generally prohibited from issuing advisory opinions or ruling on hypothetical inquiries," meaning "an appeal is moot unless an adjudication of the merits will result in immediate and practical consequences to the parties" (Coleman v Daines, 19 NY3d 1087, 1090; see Matter of New York State Commn. on Jud. Conduct v Rubenstein, 23 NY3d 570,
576). Although the Board issued a recommendation on August 11, 2017, which inaccurately reported the Board's vote as "Disapprove with Modifications/Conditions," the Board issued a revised recommendation on September 21, 2017. The revised recommendation dated September 21, 2017, accurately conveyed the Board's vote to "Disapprove" the application. Thus, the petitioner obtained the relief sought with respect to the Board's August 11, 2017 recommendation.
Moreover, the Supreme Court properly granted those branches of the respondents' motion which were to dismiss so much of the petition/complaint as sought nullification of a cover letter that the Board included with its revised recommendation dated September 21, 2017. That cover letter listed a series of detailed recommendations for the future development of the Bedford Union Armory Site beyond those options provided in the Department of City Planning's form. The petitioner contends that this cover letter had the effect of reverting the "Disapprove" recommendation indicated on the form to the "Disapprove with Modifications/Conditions" that the Board inaccurately reported one month earlier.
Contrary to the petitioner's contentions, the cover letter had no effect on the Board's revised recommendation dated September 21, 2017 (see City Planning Rules and Regs of City of NY [62 RCNY] § 2-03[f][3]). The Board "may" by regulation "include" with its recommendation extraneous matter, including, inter alia, a description of "the reasons for the vote" or "conditions" on the vote (id.). Only "conditions" have any effect on the nature of the Board's recommendation or the respondent New York City Planning Commission's responsibilities (id.). The Board expressly stated that the additional recommendations made in the cover letter were not intended to be conditions on its vote.
Additionally, the Supreme Court properly granted those branches of the respondents' motion which were to dismiss so much of the petition/complaint as sought to remove the individual [*3]respondents from their leadership positions or membership on the Board. The New York City Charter provides that "[a]n appointed member may be removed from a community board for cause . . . by the borough president or by a majority vote of the community board" (NY City Charter § 2800[b]). Neither the Brooklyn Borough President nor any voting Board members are named as petitioners in this matter. The Board's bylaws further specify that "an appointed member may be removed from the Board for cause," but only "after service of written charges and specifications made by the Executive Committee and at least 30 days prior to the presentation before the Board." The petition/complaint does not allege that these conditions were satisfied.
The petitioner's remaining contentions are without merit.
RIVERA, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court