Matter of 39 Gas Corp. v NYC Dept. of Consumer Affairs (2023 NY Slip Op 04666)

Matter of 39 Gas Corp. v NYC Dept. of Consumer Affairs

2023 NY Slip Op 04666

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2020-09112
 (Index No. 711326/20)

[*1]In the Matter of 39 Gas Corp., appellant,
v NYC Department of Consumer Affairs, respondent.

Joseph A. Altman, P.C., Bronx, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Melanie T. West and Jamison Davies of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Consumer Affairs dated June 16, 2020, which denied the petitioner's application for a tobacco products retail dealer license, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered November 30, 2020. The order and judgment granted the respondent's motion to dismiss the petition as academic and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
The petitioner is a business that sells tobacco. In December 2019, the petitioner submitted an application to the New York City Department of Consumer Affairs (hereinafter the DCA) for a tobacco products retail dealer license. By letter dated May 15, 2020, the DCA notified the petitioner of its intent to deny the license application on certain grounds, and provided the petitioner with 15 days to submit a written response. The petitioner submitted a written response, raising objections to the proposed denial of the license application. In a determination dated June 16, 2020, the DCA denied the license application.
The petitioner commenced this proceeding pursuant to CPLR article 78 to annul the June 16, 2020 determination. While the proceeding was pending, the DCA notified the petitioner that it was withdrawing the June 16, 2020 determination, but that it intended to deny the license application on other grounds, and provided the petitioner with 30 days to submit a written response to the DCA before a new determination would be made on the license application. The DCA then [*2]moved to dismiss the petition on the ground that it was academic in light of the withdrawal of the June 16, 2020 determination. The Supreme Court granted the motion and dismissed the proceeding. The petitioner appeals.
"It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713; see Matter of Gorman v Gardyn, 181 AD3d 601, 602). "Courts are generally prohibited from issuing advisory opinions or ruling on hypothetical inquiries. Thus, an appeal is moot unless an adjudication of the merits will result in immediate and practical consequences to the parties" (Coleman v Daines, 19 NY3d 1087, 1090 [citation omitted]; see Matter of Ruotolo v State of New York Div. of Hous. & Community Renewal, 211 AD3d 955, 957).
Here, as the DCA withdrew the June 16, 2020 determination, the petitioner obtained the relief sought in the petition—annulment of the June 16, 2020 determination. Thus, the Supreme Court properly concluded that the proceeding had become academic (see Matter of Boyd v Liburd, 193 AD3d 1046, 1048; Matter of Gorman v Gardyn, 181 AD3d at 602; Matter of Sweeney v Schneider, 123 AD3d 1049).
The petitioner's remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., GENOVESI, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court