In the Matter of MARGARET SNYDER et al., Petitioners, against JAMES M. POWER et al., as Commissioners of Elections, Constituting the Board of Elections of the City of New York and the Board of Canvassers of the County of New York, et al., Respondents.

Supreme Court, Special Term, New York County, September 1, 1954.

582

*Sanford Solarz* for petitioners.

*Adrian P. Burke, Corporation Counsel (Thomas W. A. Crowe* of counsel), for James M. Power and others, as Commissioners of Elections, respondents.

*Samuel Cantor* for Melvin H. Osterman and others, respondents appearing specially.

*Frederick T. Shea* for Warren L. Schnur, respondent appearing specially.

MATTHEW M. LEVY, J. (Dictated on the record.) On the matter of the special appearance there is no dispute as to the facts. I shall render my decision on the law, not with respect to any claimed jurisdictional defects as to service upon the respondent Osterman, in whose behalf the designating petition was initially circulated, but rather as to service upon the respondent Schnur, who is the substituted candidate and who is, of course, a necessary party to the proceeding.

Firstly. The order to show cause in this proceeding signed by the Justice then presiding at the ex parte part of Special Term — and I happened to have been that Justice — provided that due service might be made by delivery to Schnur of a true copy of the order to show cause (and the papers annexed) in certain alternative ways, including mailing. The copy mailed to him on August 23, 1954, was not a true copy in several important respects. In the first place, the return date of the order to show cause was blank in the copy. In the second place, the signature of the Justice who signed the order to show cause was blank in the copy. In the third place, the copy of the order to show cause contained an interim injunctive clause which was not in the original order to show cause as signed by me at Special Term, Part II, and, in fact, it was stricken therefrom at the time of signing.

These were in my view three substantially material omissions or changes. A copy of an order to show cause served without being conformed in these three vital respects affects the very heart of the judicial process. The omission of the signature of the Judge who issued the process, the inclusion of expressly-deleted injunctive provisions and the absence of a return-date when the recipient of the copypapers should appear in court to contest the application are matters which cannot lightly be ignored. I think it would be a dangerous precedent to hold that these particular matters might be corrected merely by the transmission of a letter written by counsel. It may perhaps be that a typographic mistake in a court order could be corrected by such a letter, or that an immaterial omission might be so supplied. That is not this case. I think that in this community at least, when a person receives a copy of a court order he is entitled on its face to know who signed it and to know when he can or must appear before the court to defend. And certainly he is entitled not to be confronted with an assumed restraint when the Judge expressly deleted the requested injunctive clause. These are serious matters. In consequence, I hold that the

attempted correction by letter written by the attorney is inadequate to overcome the jurisdictional defects.

Secondly. The last day under the law for the due institution of this proceeding was August 24, 1954. It is unnecessary to cite decisional precedent in support of the proposition that the signing of the order to show cause on August 23d is not a due commencement of the proceeding. It is equally clear, in accordance with the language of the Court of Appeals in the *Matter of King* v. *Cohen* (293 N. Y. 435, 439, parenthetically, a cause in which when at the bar I appeared as one of the counsel), that the law " calls for delivery of the instrument of notice not later than on the last day on which the proceeding may be commenced." That was the holding, too, in the *Matter of Constantino* (286 N. Y. 681).

With respect to the respondent Schnur, the unconformed copy of the order to show cause was not delivered until August 25th, and the letter of correction (assuming such a letter was adequate and therefore relevant) was also not delivered until August 25th. True, it appears that efforts at delivery were made on or prior to August 24th, but those fruitless attempts, it strikes me, were inefficacious since the petitioner did not comply with — but went beyond — the provisions of the alternative methods set forth in the order to show cause for service of notice and thus were quite gratuitous. The order to show cause permitted service of true copies of the order and annexed papers by mail. That means not by registered, special delivery mail (as here undertaken by the petitioners) but by normal, ordinary mail. When it is desired or required that certain papers be mailed by other than the usual way, the Legislature knows how so to provide, and so does the court when on occasion that is deemed advisable. In proceedings such as this, where process is required to be effectuated before a certain date, in order that there be jurisdiction, the caveat by the late Chief Judge Loughran in *Matter of King* v. *Cohen* (*supra*, p. 439), the case I cited before, is apposite here. I quote: " * * * we are moved to remark that the use of registered mail is likely to result in a failure of timely delivery of notice of the proceeding." That was a warning ten years ago to those who are active in the practice of election law, and I have been able to find nothing in later decisions to weaken or dissipate its meaning. The incidents differentiating the two types of mailing are well recognized, and need not be listed here. Suffice it to say that going beyond usual mail service may have some advantages to the sender, but also some annoying aspects to the prospective

recipient. When the petitioners went beyond the type of mail service specified and permitted by the order to show cause, they did so at their own risk.

Under the circumstances I shall sustain the special appearance, and, accordingly, the petition before me must be dismissed.

There are other grounds urged by the respondents in support of their special appearance. I see no necessity, in view of my determination, to pass upon them.

Settle order on twenty-four hours' notice.