OPINION OF THE COURT
Barry A. Cozier, J.
Defendants (collectively the London Reinsurers) move (motion sequence 020) for renewal or reargument of the February 17, 1998 order (Friedman, J.; opn 176 Misc 2d 605) denying in *599 part their request to compel the return of documents inadvertently produced in pending litigation.
Plaintiff Aetna Casualty and Surety Company (Aetna) moves (motion sequence 019) to unseal the February 17, 1998 order. The London Reinsurers cross-move for an order requiring Aetna, by a date certain, to return the documents that it previously agreed to return or that were ordered returned by the court.
BACKGROUND
The instant case involves Aetna’s demands for payments from the London Reinsurers under certain reinsurance contracts issued between 1960 and 1969. These demands relate to Aetna’s execution of a confidential settlement agreement with its policyholder, Koppers Company, Inc. (Koppers), in March 1995. (See, Koppers Co. v Aetna Cas. & Sur. Co., 98 F3d 1440 [3d Cir 1996].)
In late 1997, the London Reinsurers apparently became aware that in March 1997, they had inadvertently produced to Aetna approximately 1,300 pages of documents. The London Reinsurers contended that the documents were privileged and/or irrelevant to the case. Among these documents were summaries of meetings or “workshops” of the Environmental Claims Reinsurance Group (ECRG), attended by representatives of various London-based insurance companies. Although some of the persons present at the ECRG meetings represented reinsurers involved in the instant case, most are not involved here. After extensive negotiations, Aetna agreed to return approximately 730 pages of these materials. As for the remaining documents, by order dated February 17, 1998, Justice Friedman determined that Aetna was required to return 21 documents and could retain 17, as the latter group was not deemed to be covered by the attorney-client privilege or entitled to work product protection.
The London Reinsurers now move for renewal or reargument of Justice Friedman’s February 17 order, alleging, inter alia, that (1) the court misunderstood the nature of the London insurance market and the ECRG meetings; (2) the participants at the ECRG meetings were directly involved in lawsuits or arbitrations relating to reinsurance claims; (3) the documents in question were prepared for such litigation and, accordingly, are attorney work product and/or protected by the attorney-client privilege; and (4) certain documents are irrelevant to the present action and should not be disclosed.
*600 Aetna maintains that the communications at issue were commercial related and not subject to the attorney-client privilege. Aetna contends that the ECRG meetings involved multiple parties with diverse interests and, accordingly, are not confidential. Further, Aetna claims, the documents cannot be considered attorney work product, because the documents do not address any ongoing or anticipated litigation, but instead deal with efforts to avoid litigation in general.
DISCUSSION
Motion to Renew
A motion to renew “is intended to draw the court’s attention to new or additional facts which, although in existence at the time of the original motion, were unknown to the party seeking renewal and therefore not brought to the court’s attention.” (Pahl Equip. Corp. v Kassis, 182 AD2d 22, 27 [1st Dept 1992], citing Beiny v Wynyard, 132 AD2d 190 [1st Dept 1987].) Renewal is inappropriate in the instant case because the London Reinsurers have simply failed to allege any new or additional facts. Moreover, even if new or additional facts had been stated, the London Reinsurers have failed to provide any reason for not having submitted such material on the original motion, as is required. (See, Matter of Creole Enters, v Giuliani, 240 AD2d 279 [1st Dept 1997].) Rather, the London Reinsurers’ motion is properly characterized as one for reargument. (See, Mariani v Dyer, 193 AD2d 456, 458 [1st Dept 1993] [“In the absence of any excuse why this affidavit was not previously submitted, the application was properly characterized as one seeking reargument”], citing Foley v Roche, 68 AD2d 558, 568 [1st Dept 1979].)
Motion to Reargue
A motion for leave to reargue pursuant to CPLR 2221 “may be granted only upon a showing ‘that the court overlooked or misapprehended the facts or the law or for some reason mistakenly arrived at its earlier decision.’ ” (Pahl Equip. Corp. v Kassis, supra, 182 AD2d, at 27, quoting Schneider v Solowey, 141 AD2d 813 [2d Dept 1988].) Reargument does not provide a party with an opportunity to advance new arguments. (Rubinstein v Goldman, 225 AD2d 328 [1st Dept 1996].) Nor may a party seek reargument to address issues previously decided. (See, Matter of Bliss v Jaffin, 176 AD2d 106, 108 [1st Dept 1991].)
*601 The London Reinsurers’ motion for reargument must be denied. The London Reinsurers have failed to meet their burden to provide this court with a basis upon which to grant a motion for reargument, as there is simply no law or material fact that Justice Friedman overlooked or misapprehended in his February 17 order.
Motion to Unseal February 17, 1998 Order
Also before the court is Aetna’s motion to unseal Justice Friedman’s February 17, 1998 order. Throughout the litigation of this case, the secrecy of related documents has been of concern. On a number of occasions, Justice Friedman granted Aetna leave to file certain papers under seal, as the settlement agreement with Koppers includes a provision obligating the parties to keep the agreement confidential. Furthermore, in a confidentiality stipulation and order dated January 23, 1997, the parties agreed that documents produced in discovery that are marked “confidential” are to be “used solely for the purpose of the prosecution or defense of this Action and not for any business or other purposes whatsoever.” Although no party to the action moved to seal the entire file, on September 10, 1997, Justice Friedman issued the following order, sua sponte:
“Effective immediately, the entire file in this action is sealed. The court finds good cause for sealing pursuant to 22 NYCRR 216.1 in light of the numerous references throughout the file to confidential documents belonging to third parties.
“Access to the file shall be had only by counsel of record. A court order shall otherwise be required.”
Aetna contends that because the February 17 order maintains the confidentiality of documents belonging to third parties, as it does not provide detailed information, the order should not be sealed. Further, Aetna claims, (1) the London Reinsurers are attempting to use the sealing order to shield themselves from discovery in other, similar actions and (2) in the interest of judicial economy, Aetna should be able to provide other courts with the February 17 order.
The London Reinsurers dispute Aetna’s contentions, arguing that Justice Friedman’s sealing order embraces the entire file, including court decisions. The London Reinsurers also maintain that Aetna’s intention to use the February 17 order in related. actions would violate the confidentiality stipulation and order.
Though ordinarily trials and judicial proceedings are open to public view, and the public has an interest in the disclosure of court records, the public’s right to inspect and copy judicial rec *602 ords is not absolute nor unrestricted, and is a matter of judicial discretion. (Nixon v Warner Communications, 435 US 589, 597 [1978].) Indeed, the Appellate Division has recognized that the “right to inspect and copy judicial records is not absolute, particularly where such records are a source of business information which might harm a litigant’s competitive standing, and the determination of whether access to such records is appropriate is best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case. [Citations omitted].” (Matter of Crain Communications v Hughes, 135 AD2d 351 [1st Dept 1987], affd 74 NY2d 626 [1989].)
The New York Uniform Rules for Trial Courts states under which circumstances a court may order its records sealed: “Except where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties. Where it appears necessary or desirable, the court may prescribe appropriate notice and an opportunity to be heard.” (22 NYCRR 216.1 [a].) Although no precise test governs a finding of “good cause”, a court must determine whether good cause exists on a case-by-case basis, according to the facts. (Matter of Twentieth Century Fox Film Corp., 190 AD2d 483, 487 [1st Dept 1993]; see also, Hoberman v Brown & Williamson Tobacco, NYLJ, Feb. 3, 1998, at 26, col 3 [Sup Ct, NY County]; Matter of Anderson Kill & Olick, NYLJ, Mar. 31,1997, at 29, col 4 [Sup Ct, NY County].)
In determining whether to unseal the February 17 order, this court is mindful of the concerns held by the London Reinsurers should highly sensitive and confidential documents be disclosed to the public. A careful review of the February 17 order, however, indicates that such concern is wholly unwarranted in this instance, as the order does not disclose the detailed substance of the documents at issue, but instead is carefully crafted to conceal the particulars at hand.
Moreover, there is no reason to prohibit the publication of a court decision that does not implicate the concerns outlined in the sealing order. As previously indicated, Justice Friedman sealed the file “in light of the numerous references throughout the file to confidential documents belonging to third parties.” Prior to this sua sponte order, the only requests to seal were *603 based on protecting a confidential settlement agreement with Koppers, a nonparty. Because the February 17 order does not contain the details of that settlement agreement, nor even mention its existence, the purposes of the sealing order would not be served by keeping the February 17 order under seal.
Although not determinative of the matter, it is worth noting that in the instant case, the order sealing the entire file was initiated by Justice Friedman, not by a party to the action. In fact, the previous requests to seal certain documents, as well as the confidentiality stipulation and order, were sought and initiated by Aetna, not the London Reinsurers. Thus, the confidential interests now asserted by the London Reinsurers are not as persuasive as when a party specifically requested the sealing of a file and later opposed the unsealing of a court order from the file.
In addition, in the interest of judicial economy, and consistent with the doctrine of collateral estoppel, the parties should be able to rely upon the February 17 order to prevent future, unnecessary litigation. The doctrine of collateral estoppel is intended to reduce litigation and conserve court resources, and is based on the premise that it is unfair to relitigate issues already determined by a court of law. (See, Matter of Juan C. v Cortines, 89 NY2d 659, 667 [1997].)
As stated by Aetna, it is possible that a number of common defendants in other related proceedings may argue that certain documents, already determined by Justice Friedman not to be privileged, are privileged. Because the February 17 order directly addresses the privilege issue, a sealing of the order would prevent the parties from citing to the decision as issue preclusion. In addition, unsealing the order will reduce the likelihood of inconsistent decisions with respect to whether a particular document is privileged.
The London Reinsurers’ argument that the unsealing of the February 17 order would violate the January 23,1997 confidentiality stipulation and order is simply without merit. The confidentiality stipulation and order states that the documents produced in discovery that are marked “confidential” are to be “used solely for the purpose of the prosecution or defense of this Action and not for any business or other purposes whatsoever.” As the February 17 order is not a document produced in discovery, this argument is baseless.
As a general rule, court orders or decisions that do not foster the “good cause” purpose of a court’s sealing order, and that may affect other related litigation pursuant to the doctrine of *604 collateral estoppel, should, not be sealed. Accordingly, the February 17 order is unsealed.
The court is mindful of its May 21, 1998 decision and order denying Aetna’s motion for summary judgment in the instant action, which explains in great detail the terms of the confidentiality agreement between Aetna and Koppers. Unlike the February 17 order, disclosing the May 21 decision would defeat the purpose of the sealing order, i.e., the disclosure of confidential documents related to third parties. Accordingly, the May 21 decision shall remain under seal. The sealing of future court orders and decisions will be determined as they arise, based upon whether they contain confidential information and whether they are relevant for the purposes of collateral estoppel.
Cross Motion to Compel Compliance
Still remaining before the court is the London Reinsurers’ motion for an order requiring Aetna, by a date certain, to return the documents that it previously agreed to return or that were previously ordered returned by the court. Aetna maintains in its papers that this motion is now moot, as Aetna has now returned the subject documents. In the event that there are any outstanding documents that Aetna agreed to return, or that were ordered returned by the court, but have yet to be returned to the London Reinsurers, Aetna is ordered to return such documents within 10 days after the entry of this order.
Accordingly, it is ordered that the London Reinsurers’ motion to renew and/or reargue is denied; and it is further ordered that Aetna’s motion to unseal the February 17, 1998 order is granted; and it is further ordered that this court’s May 21, 1998 decision and order shall remain under seal; and it is further ordered that Aetna shall return any documents it has previously agreed to return or that were ordered returned by the court within 10 days of entry of this order; and it is further ordered that this decision and order shall not be sealed.