Matter of Ruotolo v State of New York Div. of Hous. & Community Renewal (2022 NY Slip Op 07238)

Matter of Ruotolo v State of New York Div. of Hous. & Community Renewal

2022 NY Slip Op 07238

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2019-11641
 (Index No. 3070/18)

[*1]In the Matter of Angelo Ruotolo, appellant,
v
State of New York Division of Housing and Community Renewal, respondent.

Angelo Ruotolo, Cornwall, NY, appellant pro se.
Mark F. Palomino, New York, NY (Kathleen Lamar of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal dated October 31, 2018, which affirmed a determination of a Rent Administrator dated February 13, 2018, dismissing the petitioner's application to deregulate a certain apartment and to permit him to evict the tenant residing therein, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Debra Silber, J.), dated August 1, 2019. The order and judgment granted the respondent's motion to dismiss the proceeding and, in effect, dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
The petitioner is the owner of a building located in Brooklyn. In 2017, the petitioner filed an application with the New York State Division of Housing and Community Renewal (hereinafter the DHCR) to deregulate a certain apartment located within the building and to permit him to evict the tenant residing therein. By order dated February 13, 2018, a Rent Administrator dismissed the application on the ground that additional judicial and administrative proceedings, all of which concerned the status of the subject apartment, remained pending at that time. The petitioner then filed a petition for administrative review. The Deputy Commissioner of the DHCR denied the petition for administrative review and affirmed the Rent Administrator's determination. Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78, inter alia, to review the DHCR's determination. The DHCR moved to dismiss the proceeding. The Supreme Court granted the motion and, in effect, dismissed the proceeding. The petitioner appeals, and we affirm.
"It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal. This principle, which forbids courts to pass on academic, hypothetical, moot, or otherwise abstract questions, is founded both in constitutional separation-of-powers doctrine, and in methodological strictures which inhere in the decisional process of a common-law judiciary" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713-714 [citation omitted]; see Matter of Elizabeth C. [Omar C.], 156 AD3d 193, 198-199; Matter of Kirkland v Annucci, 150 AD3d 736, 737-738). Thus, a matter is academic "unless an adjudication of the merits will result in immediate and practical consequences to the parties" (Coleman v Daines, [*2]19 NY3d 1087, 1090; see Matter of Priciliyana C. [Jacklyn L.], 164 AD3d 900, 902).
The application of these principles to the facts of this case establish that this matter is academic. In the order and judgment appealed from, the Supreme Court granted the DHCR's motion to dismiss the proceeding and, in effect, dismissed the proceeding because "the tenant is now deceased and the petitioner has obtained lawful possession of the apartment." Based upon the record, the petitioner has obtained possession of the subject apartment, which is no longer subject to rent stabilization regulations. Given that the petitioner has received the exact relief he sought, any determination we might make in this matter would have no direct effect on the rights of the parties before us (see Matter of Priciliyana C. [Jacklyn L.], 164 AD3d at 902; Matter of Elizabeth C. [Omar C.], 156 AD3d at 199). Moreover, this case does not warrant the invocation of the exception to the mootness doctrine (see Matter of Hearst Corp. v Clyne, 50 NY2d at 714-715).
Furthermore, with regard to the petitioner's claim for money damages based upon the alleged actions or inaction of the DHCR in this matter, the Court of Claims has exclusive jurisdiction over actions for money damages against State agencies, departments, officials, and employees acting in their official capacity in the exercise of governmental functions (see Morell v Balasubramanian, 70 NY2d 297, 300; Dinerman v NYS Lottery, 58 AD3d 669). The claims in this case arise from acts performed, and determinations made, by a State agency in the course of its official duty (see Dinerman v NYS Lottery, 58 AD3d at 669), and therefore, the Supreme Court has no jurisdiction over the petitioner's claims for monetary damages (see Byvalets v State of New York, 171 AD3d 1125, 1126).
Accordingly, the Supreme Court properly granted the DHCR's motion to dismiss the proceeding and, in effect, dismissed the proceeding.
DILLON, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court