Matter of 182 LA, LLC v Town of Brookhaven (2023 NY Slip Op 02780)

Matter of 182 LA, LLC v Town of Brookhaven

2023 NY Slip Op 02780

Decided on May 24, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2020-05920
 (Index No. 4469/19)

[*1]In the Matter of 182 LA, LLC, appellant,
v
Town of Brookhaven, respondent.

Christopher Thompson, West Islip, NY (Dominick Callegari of counsel), for appellant.
Annette Eaderesto, Town Attorney, Farmingville, NY (Kenneth J. Lauri of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Brookhaven dated April 11, 2019, which, after a hearing, directed the removal of an unsafe building at certain premises, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (William G. Ford, J.), dated April 29, 2020. The order and judgment granted the respondent's motion pursuant to CPLR 3211(a) to dismiss the petition, denied the petition, and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
At a public hearing on April 11, 2019, the Town Board of the Town of Brookhaven (hereinafter the Town Board) directed the removal of a building, which had been determined to be unsafe, at certain premises located in Mastic Beach. The petitioner acquired the premises on August 13, 2019.
By order to show cause signed on August 23, 2019, the petitioner commenced this proceeding pursuant to CPLR article 78 against the Town, seeking to annul the Town Board's determination directing the removal of the building, to reopen the hearing, and to enjoin the Town from taking any action to remove the building. The Supreme Court struck a proposed temporary
restraining order, which, if granted, would have enjoined the Town from proceeding with the demolition of the building pending the hearing and determination of the proceeding. On August 26, 2019, this Court denied the petitioner's application pursuant to CPLR 5704(a) to instate that proposed temporary restraining order. The Town demolished the building on August 26, 2019.
Thereafter, the Town moved pursuant to CPLR 3211(a) to dismiss the petition, contending, inter alia, in effect, that the proceeding had been rendered academic by the demolition of the building. The Supreme Court granted the Town's motion, denied the petition, and dismissed the proceeding. The petitioner appeals.
"It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal. This principle, which forbids courts to pass on academic, hypothetical, moot, or otherwise abstract questions, is founded both in constitutional separation-of-powers doctrine, and in methodological strictures which inhere in the [*2]decisional process of a common-law judiciary" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713-714 [citations omitted]; see Matter of Ruotolo v State of New York Div. of Hous. & Community Renewal, 211 AD3d 955, 956; Matter of Elizabeth C. [Omar C.], 156 AD3d 193, 198). A matter is academic if "an adjudication of the merits will [not] result in immediate and practical consequences to the parties" (Coleman v Daines, 19 NY3d 1087, 1090; see Matter of Ruotolo v State of New York Div. of Hous. & Community Renewal, 211 AD3d at 957).
Here, the Supreme Court correctly determined that the proceeding, in which the petitioner sought to annul the Town Board's determination directing the removal of the building, to reopen the hearing that resulted in that determination, and to enjoin the Town from taking any action to remove the building, was rendered academic by the removal of the building, since any determination in the proceeding would have no direct effect on the rights of the parties (see Matter of Ruotolo v State of New York Div. of Hous. & Community Renewal, 211 AD3d at 957; Matter of Village of S. Blooming Grove v Village of Kiryas Joel Bd. of Trustees, 175 AD3d 1413, 1415). Moreover, this case does not warrant the invocation of the exception to the mootness doctrine (see Matter of Hearst Corp. v Clyne, 50 NY2d at 714-715).
Accordingly, the Supreme Court properly granted the Town's motion to dismiss the petition, denied the petition, and dismissed the proceeding.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., RIVERA, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court