N.P. v J.L. (2026 NY Slip Op 50336(U))

[*1]

N.P. v J.L.

2026 NY Slip Op 50336(U)

Decided on March 13, 2026

Supreme Court, Westchester County

Hyer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 13, 2026
Supreme Court, Westchester County

N.P., Plaintiff,

againstJ.L., Defendant.

Index No. XXXXX

Plaintiff: [Redacted]Defendant: [Redacted]

James L. Hyer, J.

The following documents, numbered 1 through 2, were considered in connection with the order to show cause of the Defendant's counsel, dated March 10, 2026, (hereinafter "Motion Sequence No. 3"), seeking the entry of an Order granting the following relief:
1. Relieving and permitting the withdrawal of [Redacted] as counsel of record for Defendant in this action;2. Sealing the papers submitted in support and in opposition to the motion and in reply and precluding Plaintiff and her counsel and agents and those acting on their behalf from reviewing and or obtaining a copy of such materials;3. Considering a stay of the proceedings to the extent requested by Defendant to enable him to find new counsel; and4. Granting such other and further relief as to the Court seems just and proper.
PAPERS            
DOC. NO.Order to Show Cause/Affirmation [FN1]
1-2Relevant Factual and Procedural BackgroundOn May 12, 2025, this matrimonial action was commenced with the filing of a summons and complaint (hereinafter collectively "Complaint").[FN2]

On May 16, 2026, [Redacted], Esq., of [Redacted] (hereinafter "Defendant's Counsel"), filed an acknowledgement of service.[FN3]

On May 29, 2025, filed as Exhibit B to Defendant's statement of net worth, is an engagement agreement executed by Defendant and Defendant's counsel, dated May 13, 2025 (hereinafter "Engagement Agreement").[FN4]
The Engagement Agreement set forth the nature of the representation as being inclusive of litigation between Plaintiff and Defendant in the New York State Family Court, along with any proceedings filed in the New York State Supreme Court.
On March 10, 2026, Defendant's Counsel filed Motion Sequence No. 3,[FN5]
seeking the above-referenced relief, supported only by an affirmation of Defendant's counsel (hereinafter "Affirmation"). The Affirmation consists of twenty-five numbered paragraphs of which fifteen are entirely redacted and one is partially redacted, leaving only the following unredacted assertions by Defendant's Counsel:
"[Redacted], an attorney duly admitted to practice law before the Courts of this State, hereby affirms under penalty of perjury:1. I am a partner of [Redacted], counsel for Defendant in the above-captioned matter. I am fully familiar with the facts and circumstances set forth in support of [Redacted]'s Order to Show Cause, which seeks an Order: (i) permitting [Redacted] to withdraw as counsel for Defendant J.L.; (ii) sealing the unredacted copy of this supporting affirmation, as well as any opposition and/or reply submissions in connection with this motion; (iii) to the extent requested by Defendant, staying the proceedings for a period sufficient to enable him to secure new counsel; and (iv) for such other and further relief as this Court deems appropriate.

 * * *
[REDACTED]'S REPRESENTATION OF J.L.

 * * *
THE BREAKDOWN IN THE ATTORNEY-CLIENT RELATIONSHIP

 * * *
OUR APPLICATION TO BE RELIEVED

 * * *
14. By letter dated February 18, 2026, I wrote to the Court seeking permission to be relieved (NYSCEF #124). The Court set a pre-motion conference for February 24, a date previously set for a settlement conference. As the result of the intervening snowstorm, I appeared virtually on February 24.

 * * *
16. The Court adjourned the matter to Friday February 27. Although the Court indicated that I would be permitted to appear virtually, I travelled to New York on Thursday; appeared on Friday; and rejoined my family in Florida on Saturday. The custody/parenting issues were resolved via an agreement that [Redacted] took the lead in drafting, and which was signed on and the parties allocuted on February 27 (NYSCEF #133).

 * * *
18. By letter to the Court dated March 6, I renewed my previous application to be relieved (NYSCEF #137). The Court endorsed the letter, directing that we file an Order to Show Cause (NYSCEF #138).

 * * *
19. [Redacted], neither I nor N.P.'s counsel have the power to impose a settlement; only the parties can do that. Absent a settlement, time consuming preparation for the financial trial must proceed. 

 * * *

 
 NEITHER PLAINTIFF NOR HER COUNSEL SHOULD BE PROVIDED WITH AN UNREDACTED COPY OF THIS AFFIRMATION OR THE OTHER PAPERS SUBMITTED IN CONNECTION WITH THIS APPLICATION
21. We are filing this application with a redacted copy of the moving affirmation. [Footnote #1: "Further no exhibits are being supplied in support of this application; however, if the Court requests copies of the communications referenced herein, we will supply those privileged communications directly."] We will provide an unredacted copy both to the Court and J.L. Neither plaintiff nor her counsel should be provided with an unredacted copy of these moving papers or any answering or reply papers. 
THE REQUEST FOR A STAY22. We are not seeking an interim stay. There is nothing that is imminently due in the case. [Footnote #2: "The trial dates in this matter are scheduled more than ninety (90) days out"]. I will leave it to J.L. to propose any time adjustments that he requires to secure new counsel.23. As I indicated in my March 6 letter to the Court (NYSCEF #137), [Redacted] will not seek a retaining lien against J.L. and will fully cooperate with incoming counsel to transition the case.24. No prior application has been made in this or any other Court for the relief herein sought.25. I submit this affirmation this 10th day of March 2026, under the penalties of perjury, and under the laws of New York, which may include fines or imprisonment.WHEREFORE, it is respectfully requested that this Court enter an order granting the relief sought in the Order to Show Cause."No further submissions have been made with respect to Motion Sequence No. 3, for which this Court must decline to sign for the reasons set forth herein.

 Legal Analysis
A. Lack of Compliance With CPLR § 2106.
Pursuant to New York Civil Practice Law and Rules (hereinafter "CPLR") § 2106, the statement of any person wherever made, subscribed and affirmed by that person to be true under [*2]the penalties of perjury, may be used in an action in New York in lieu of and with the same force and effect as an affidavit. Such affirmation shall be in substantially the following form:
"I affirm this ____ day of ____, ____, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.(Signature)" (CPLR § 2106)."An affirmation which fails to comport with the requirements of CPLR § 2106, shall be inadmissible and must be disregarded by the Court (see Great Lakes Insurance SE v. American Steamship Owners Mutual Protection and Indemnity Association Inc., 228 AD3d 429 [1st Dept 2024]). Here, the subject Affirmation fails to include the language required by statute as it does not include the following: "that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law."
For this reason alone, the Affirmation must be disregarded and as the sole submission in filed in support of Motion Sequence No. 3, the Court must decline to conform the order to show cause. However, even if the Affirmation were filed in adherence to CPLR § 2106, further basis exists requiring this Court to decline to sign the order to show cause which will be reviewed herein.
B. Movant Failed to Meet The Buden For a Sealing Order.
[1] Applicable Legal Authority Pertaining to Service & Filing Court Documents
The Uniform Rules for the Supreme Court and County Court (hereinafter "Rules") set forth the manner within which papers are to be filed with the Court, and with limited exceptions including filings in matrimonial actions, require the redaction of confidential personal information.[FN6]

With limited exceptions, the Rules require electronic filing through the New York State Electronic Filing (hereinafter "NYSCEF") system for litigations commenced in the New York State Supreme Court. For filings made following commencement, hard copy filings may be made pursuant to a showing of good cause:
"Exemption of counsel upon a showing of good cause. Nothing in this section shall prevent a judge from exempting an attorney from having to file and serve documents electronically in accordance with this section upon a showing of good cause therefore."[FN7]
In a litigation subject to NYSCEF filing, counsel seeking to file a court document in hard copy must comply with the following directive set forth in the Rules:
"Form of notice required on hard copy filing. Where an action is subject to e-filing and a party (other than an unrepresented litigant who is not participating in e-filing) or attorney seeks to file a document therein in hard copy, such document shall include, on a separate page firmly affixed thereto, a notice of hard copy submission, in a form approved by the Chief Administrator, that states the reason why the document is being filed in hard copy [*3]form."[FN8]
The Rules provide clear instruction as to the manner in which a movant shall file and serve motion filings, directing:
"The moving party shall serve copies of all affidavits and briefs upon all other parties at the time of service of the notice of motion. The answering party shall serve copies of all affidavits and briefs as required by CPLR 2214. Affidavits shall be for a statement of the relevant facts, and briefs shall be for a statement of the relevant law.[FN9]

 * * *
Form of Motion Papers. *** Regardless of whether the papers are filed electronically or in hard copy or as working copies, counsel must submit as part of the motion papers copies of all pleadings and other documents as required by the CPLR and as necessary for an informed decision on the motion (especially on motions pursuant to CPLR 3211 and 3212)" [emphasis added].[FN10]
These Rules further direct that the submission of written applications in contested matrimonial actions shall "comply with the requirements of 22 NYCRR § 202.5(a) as amended."[FN11]

With respect to the filing of motions, the Rules work in concert with CPLR § 2214 which requires a movant (by notice of motion or order to show cause) to serve and file with the court all papers supporting the application:
"Time for service of notice and affidavits. A notice of motion and supporting affidavits shall be served at least eight days before the time at which the motion is noticed to be heard.

 * * *
Furnishing papers to the court. Each party shall furnish to the court all papers served by that party. The moving party shall furnish all other papers not already in the possession of the court necessary to the consideration of the questions involved. Except when the rules of the court provide otherwise, in an e-filed action, a party that files papers in connection with a motion need not include copies of papers that were filed previously electronically with the court, but may make reference to them, giving the docket numbers on the e-filing system. Where such papers are in the possession of an adverse party, they shall be produced by that party at the hearing on notice served with the motion papers. Only papers served in accordance with the provisions of this rule shall be read in support of, or in opposition to, the motion, unless the court for good cause shall otherwise direct.

 * * *
Order to show cause. The court in a proper case may grant an order to show cause, to be served in lieu of a notice of motion, at a time and in a manner specified therein" [emphasis added]."The failure to provide proper service of a motion is a sufficient and complete excuse for a default on a motion and deprives the court of jurisdiction to entertain the motion" (Daulat v. Helms Bros, Inc., 32 AD3d 410 [2d Dept 2006]). In such an instance of improper service of a motion:
"Accordingly, the failure to serve a party who has appeared in the action with notice of a motion requires vacatur of any subsequent order that grants any of the relief that was sought in that un-noticed motion.***This Court has also held that the failure to provide a defendant with proper notice of a motion renders the resulting order and judgment entered upon that order nullities, warranting vacatur pursuant to CPLR 5015(a)(4). This Court explained that '[t]he failure to provide proper notice of a motion can readily be viewed as a fundamental [jurisdictional] defect because it deprives the opposing party of a fair opportunity to oppose the motion.' " (21st Mortgage Corporation v. Raghu, 197 AD3d 1212 [2d Dept 2021] [internal citations omitted]).
Proper service requires the movant to serve all of the moving papers upon the responding party, without unauthorized redactions or omission (see Snyder v. Power, 206 Misc. 581 (Sup. Ct. NY Cnty. 1954]).
[2] Applicable Law Pertaining to Sealing Court Records
22 NYCRR § 216.1 sets forth the manner within which a court may seal court records, including those related to the filing of a motion:
"(a) Except where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties. Where it appears necessary or desirable, the court may prescribe appropriate notice and opportunity to be heard.(b) For purposes of this rule, 'court records' shall include all documents and records of any nature filed with the clerk in connection with the action. Documents obtained through disclosure and not filed with the clerk shall remain subject to protective orders as set forth in CPLR 3103(a)."In the context of matrimonial actions or related proceedings, the legislature has afforded litigants statutory protections to confidentiality with respect to documents filed in such litigation. Pursuant to New York State Domestic Relations Law (hereinafter "DRL") § 235:
"1. An officer of the court with whom the proceedings in a matrimonial action or a written agreement of separation or an action or proceeding for custody, visitation or maintenance of a child are filed, or before whom the testimony is taken, or his clerk, either before or after the termination of the suit, shall not permit a copy of any of the pleadings, affidavits, findings of fact, conclusions of law, judgment of dissolution, written agreement of separation or memorandum thereof, or testimony, or any [*4]examination or perusal thereof, to be taken by any other person than a party, or the attorney or counsel of a party, except by order of the court.

 * * *
5. The limitations of subdivisions one, two and three of this section in relation to confidentiality shall cease to apply one hundred years after date of filing, and such records shall thereupon be public records available to public inspection."DRL § 235 therefore, by statute, seals the entire matrimonial file so that it may only be accessed by litigants and their respective counsel. 22 NYCRR § 202.16-c(8) further strengthens this protection through the requirement that upon certain triggering events former counsel for matrimonial litigants must remove their NYSCEF consent, thereby no longer having access to the confidential litigation filings:
"In a matrimonial action, attorneys for the parties or for minor children of the parties must remove their representation of such parties or such minor children from the NYSCEF record by following the instructions on the NYSCEF website for such removal in an e-filed action, within sixty (60) days after the earlier of:(i) a judgment of divorce, separation, annulment or action to declare a marriage void or voidable has been signed and entered in the office of the County Clerk, with notice of entry also signed and served; and where any post-judgment or plenary proceedings before the Court in which the attorney represented the party have concluded by stipulation, final order or withdrawal of the post-judgment or plenary proceeding, and there are no other such proceedings pending; and where any Qualified Domestic Relations Orders or Domestic Relations Orders have been signed and served with notice of entry, and no notice of appeal has been filed in which attorneys for the parties or the minor children have been retained as counsel. If counsel is retained on an appellate issue, they may remain on NYSCEF for the duration of the appellate proceeding or as may be otherwise ordered by the Court; or(ii) they cease to be the attorney of record in the action or cease to be associated with the law firm that is the attorney of record in the action; or(iii) they have filed a properly executed consent to change attorney pursuant to CPLR 321(b)(1); or(iv) an order of the Court authorizing the withdrawal or change of attorney has been filed and entered pursuant to CPLR 321(b)(2); or(v) they have filed a notice of completion of limited scope representation in the action pursuant to CPLR 321(d)."In discussing the analysis to be employed by a trial court when assessing if an application to seal court records is warranted, the Appellate Division Second Department provided the following guidance:
"Since confidentiality is the exception, the court must make an independent determination of whether to seal court records in whole or in part for 'good cause' (Matter of Hofmann, 284 AD2d 92, 93—94, 727 N.Y.S.2d 84). This task involves weighing the interests of the public against the interests of the parties (see Danco Lab. v. Chemical Works of Gedeon Richter, supra ). The party seeking to seal documents must demonstrate compelling circumstances (see Coopersmith v. Gold, 156 Misc 2d 594, 606, 594 [*5]N.Y.S.2d 521). A finding of 'good cause' presupposes that public access to the documents at issue will likely result in harm to a compelling interest of the movant (cf. Press—Enter. Co. v. Superior Ct. of Cal., supra at 510, 104 S.Ct. 819), and that no alternative to sealing can adequately protect the threatened interest (see Matter of Herald Co., 734 F.2d 93, 100). However, since there is no absolute definition, good cause, in essence, 'boils down to ... the prudent exercise of the court's discretion' (Coopersmith v. Gold, supra ), and thus a case-by-case analysis is warranted (see Matter of Twentieth Century Fox Film Corp., supra )" (Mancheski v. Gabelli Group Capital Partners, 39 AD3d 499 [2d Dept 2007]).When engaging in this review, the trial court must be vigilant to limit redactions where good cause is found as the failure to "target precise areas where redaction should occur" will violate 22 NYCRR § 216.1(a) (see Danco Laboratories, Ltd. V. Chemical Works of Gedeon Richter, Ltd., 274 AD2d 1 [1st Dept 2000]).
In reversing an order sealing records, the Appellate Division held, "[b]efore sealing, the motion court should have made its own written finding of good cause, as is required by the provisions of the Uniform Rules for Trial Courts (22 NYCRR) § 216.1(a) (see Mosallem at 349—353, 905 N.Y.S.2d 575; Danco Labs. v. Chemical Works of Gedeon Richter, 274 AD2d 1, 6—8, 711 N.Y.S.2d 419 [1st Dept.2000])" (Maxim, Inc. v. Feifer, 145 AD3d 516 [1st Dept 2016]). This is imperative to afford other parties to the litigation due process and the opportunity to be heard prior to a determination being made (see Mancheski v. Gabelli Group Partners, 39 AD3d 595 [2d Dept 2007]).
Numerous appellate court decisions have been entered determining that the submission of a redacted affirmation without explanation and the filing of an unredacted copy for review by the court necessitated the rejection of the document (see Kruck v. St. John's Episcopal Hosp., 228 AD2d 565 [2d Dept 1996]; see also Rose v. Horton Medical Center, 29 AD3d 977 [2d Dept 2006]; Fuller v. Tae Kwon, 259 AD2d 662 [2d Dept 1999]; Colletti v. Deutsch, 150 AD3d 1196 [2d Dept 2017]; Stewart v. North Shore University Hospital at Syosset, 204 AD3d 858 [2d Dept 2022]; Richter v. Menocal, 216 AD3d 823 [2d Dept 2023]). While these cases pertain to motions made in medical malpractice litigation, the determinations are applicable to other types of litigations wherein a sealing order is sought as a reviewing court will require both the asserted basis for the sealing request as well as the unredacted document to review prior to making a determination in accord with the above-referenced law.
[3] Applicable Law & Rules Pertaining to Attorney Withdrawal
CPLR § 321(b)(2) provides the manner within which an attorney may seek to withdraw by motion:
"An attorney of record may withdraw or be changed by order of the court in which the action is pending, upon motion on such notice to the client of the withdrawing attorney, to the attorneys of all other parties in the action or, if a party appears without an attorney, to the party, and to any other person, as the court may direct."22 NYCRR § 1200(1.16) sets forth the manner within which an attorney may decline or terminate representation of a client. Commenting on this section, one author opines upon the burden an attorney moving to be relieved from the representation of a client must meet, and in doing so, what information must be provided to avoid the ethical concerns of the prohibited [*6]release of confidential information protected by attorney-client privilege:
"An interesting question with respect to all of the enumerated reasons for permissive (and mandatory) withdrawal is what a lawyer may or must say to a tribunal when moving to withdraw. Many of the reasons, if disclosed to the tribunal, would seriously prejudice a client's case. Yet courts typically want to know why a lawyer is moving to withdraw before granting the motion. The Code of Professional Responsibility gave no guidance on this point whatsoever (even in the Ethical Considerations), and Rule 1.16 provides guidance only in a Comment, which appears in the section on mandatory rather than permissive withdrawal. Specifically, Comment [3] says, in pertinent part:[3] 
. . . Difficulty may be encountered if withdrawal is based on the client's demand that the lawyer engage in unprofessional conduct. The court may request an explanation for the withdrawal, while the lawyer may be bound to keep confidential the facts that would constitute such an explanation. The lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient. Lawyers should be mindful of their obligations to both clients and the court under Rule 1.6 and Rule 3.3" [emphasis added] (Simon's NY Rules of Prof. Conduct § 1.16:15; see also Scope of Attorney-Client Privilege Under CPLR, 7 Carmody-Waite 2d § 42:97).Due to the sensitive nature of applications wherein counsel is seeking court approval to be relieved as counsel for a party, applications to seal a submission for the reviewing court to examine same in camera are commonplace (see Team Obselete Ltd. v. A.H.R.M.A. Ltd., 464 F. Supp. 2d 164 [E.D.NY 2006]; see also Taveras v. General Trading Co, Inc., 2010 WL 10934082 [Sup. Ct. NY Cnty. 2010] ["Thompson makes many allegations in her supporting papers that properly should have been submitted in camera to the court"]; see also "Bowing Out Ethically," 88-Sep NY St. B.J. 13). Underscoring the importance of making such applications while being mindful of client confidences is that a waiver of attorney-client privilege may occur through voluntary testimony of a privileged matter or where selective disclosure is made (see Coads v. Nassau County, 231 AD3d 902 [2d Dept 2024]).
In the context of a motion to withdraw filed by an attorney, wherein the movant is seeking that all or a portion of the documents submitted in support of that application be sealed and/or redacted, to the extent this request is based upon an asserted attorney-client privilege, a burden must be met to obtain such relief:
" 'The party asserting the [attorney-client] privilege bears the burden of establishing its entitlement to protection by showing that the communication at issue was between an attorney and a client 'for the purpose of facilitating the rendition of legal advice or services, in the course of a professional relationship,' that the communication is predominantly of a legal character, that the communication was confidential and that the privilege was not waived' (Ambac Assur. Corp. v. Countrywide Home Loans, Inc., 27 NY3d 616, 624, 36 N.Y.S.3d 838, 57 N.E.3d 30, quoting Rossi v. Blue Cross & Blue Shield of Greater NY, 73 NY2d 588, 593, 542 N.Y.S.2d 508, 540 N.E.2d 703)" (Id., Coads).[4] Application To This Matter
Here, this application requests sealing both of the Affirmation,[FN12]
and subsequent filings made in opposition and reply of the application. This Court will review each request individually.
First, with respect to the request that the Affirmation be sealed, this Court has not been provided with any asserted basis for the request to seal, as the majority of the Affirmation was filed in redacted form, affording this Court information pertaining to the procedural history of this matter, with little else to review. While it may be inferred by the nature of the application that movant is seeking to avoid the disclosure of confidential information that may be protected by attorney-client privilege, it would be both inappropriate and violative of the applicable law for this Court to make such an assumption. Moreover, while movant claims that "[w]e are filing this application with a redacted copy of the moving affirmation. We will provide an unredacted copy both to the Court and J.L.," this Court has received no such unredacted filing, and movant failed to file a notice of hard copy submission pursuant to the Rules.[FN13]
Without this information, this Court cannot determine if good cause exists for the Affirmation to be sealed, in whole or in part, and must deny the request to do so.
With respect to the request to seal future documents, that may or may not be filed in opposition or reply to the instant application, such an application would be contrary the applicable law noted herein. Without a close examination of any documents filed, this Court would be unable to determine if a lawful basis for sealing would exist. Moreover, as this request is broadly worded and not limited to submissions made by Defendant, it essentially requests entry of an order that would be binding upon the adversaries with no legal authority cited warranting such relief. Further, as it is impossible to know if any answering submissions would be filed pertaining to this application or what those papers would consist of, determination of this request in the affirmative would be prohibited as courts are forbidden from making determination of hypothetical questions (see 182 LA, LLC v. Town of Brookhaven, 216 AD3d 1089 [2d Dept 2023]; see also, Aetna Cas. And Sur. Co. v. Certain Underwriters at Lloyd's, London, 176 Misc 2d 598 [Sup. Ct. NY Cnty. 1998] ["The sealing of future court orders and decisions will be determined as they arise, based upon whether they contain confidential information"]). The only exception may include a determination made by the reviewing court that the issues involved in the entire litigation are of a confidential nature to require wholesale sealing of records, including those filed in the future (see Matter of J.R., 85 Misc 3d 1272(a) [Fam. Ct. NY Cnty. 2025]; see also B.W. v. J.W., 77 Misc 3d 1210(A) [Sup. Ct. NY Cnty. [*7]2022]).
This Court finds no basis to determine that confidentiality considerations related to the instant motion are of the nature that would require all of the future submissions made with respect to the application to be sealed. To the contrary, in the event any such filings are made, upon request this Court will make a determination on an application-by-application basis to determine if good cause exists for sealing of the entirety of the court record or appropriate redacting.
C. Other Relief.
To the extent relief is not granted or otherwise addressed herein, it is hereby denied.
Accordingly, it is herebyORDERED that Motion Sequence No. 3 is hereby denied without prejudice; and it is further
ORDERED that to the extent any relief requested has not been granted or otherwise addressed herein, it is hereby denied; and it is further
ORDERED that by March 16, 2026, Defendant's counsel shall serve a copy of this Decision and Order with Notice of Entry on Defendant and Plaintiff's counsel via e-mail; and by March 16, 2026 shall file a copy of the Notice of Entry and Affidavit of Service with a copy of the certified mail tracking slip; and it is further
ORDERED that a status conference shall be held on March 17, 2026, at 10:00 a.m., wherein all parties and counsel shall appear virtually, via Microsoft Teams link to be circulated by this Court.
The foregoing constitutes the Decision and Order of the Court. 
Dated: March 13, 2026White Plains, New YorkENTER:HON. JAMES L. HYER, J.S.C.

Footnotes

Footnote 1:Note: As will be discussed herein, there are no answering submission filed as this Decision only addresses this Court's determination not to conform the subject order to show cause.

Footnote 2:See, NYSCEF Doc. No. 1.

Footnote 3:See, NYSCEF Doc. No. 2.

Footnote 4:See, NYSCEF Doc. No. 12.

Footnote 5:See, NYSCEF Doc. Nos. 139-140.

Footnote 6:See, 22 NYCRR § 202.5.

Footnote 7:See, 22 NYCRR §202.5-bb(e)(3).

Footnote 8:See, 22 NYCRR § 202.5-b(d)(1)(iv).

Footnote 9:See, 22 NYCRR § 202.8(a).

Footnote 10:See, 22 NYCRR § 202.8-a.

Footnote 11:See, 22 NYCRR § 202.16-b.

Footnote 12:Note, while the instant application requests an order "sealing the papers submitted in support" of the motion, the only document submitted in support of the motion is the Affirmation, some of which was filed in unredacted form. Accordingly, for purposes of review of the application, this Court assumes that the movant's request pertaining to "supporting papers" is limited to the redacted portions of the Affirmation.

Footnote 13:Note: NYSCEF filers may also electronically file a document with a directive that it be sealed so as only to permit the reviewing court to view it, and following the reviewing court making a determination as to a request to seal, the Court may elect to have it remain as filed or proceed in another manner (i.e., permitting select NYSCEF users to view it, redacting the document and re-filing it, etc.).