Matter of 90th Stop Grill Corp. v City of New York
2026 NY Slip Op 03791
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of 90th Stop Grill Corp., respondent,
v
City of New York, et al., appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2024-10586, (Index No. 716581/24)
Angela G. Iannacci, J.P.
Paul Wooten
Deborah A. Dowling
James P. McCormack, JJ.

Steven Banks, Corporation Counsel, New York, NY (Claude S. Platton and Geoffrey E. Curfman of counsel), for appellants.
Lazzaro Law Firm, P.C., Brooklyn, NY (Lance Lazzaro of counsel), for respondent.

[*1]
DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Office of the New York City Sheriff dated July 18, 2024, which directed the closure of the petitioner's premises for a period of one year pursuant to Administrative Code of the City of New York § 7-552(b)(2), the City of New York, Preston Niblack, Anthony Miranda, and Asim Rehman appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered September 10, 2024. The order and judgment, insofar as appealed from, granted the petition, annulled the determination, and directed the Office of the New York City Sheriff to remove the seal from and open the petitioner's premises.
ORDERED that the appeal is dismissed as academic, without costs or disbursements.
On July 5, 2024, the Office of the New York City Sheriff (hereinafter the Sheriff's Office) issued the petitioner (1) a civil summons pursuant to Administrative Code of the City of New York § 7-551(a) and (2) an order to seal its premises pursuant to Administrative Code § 7-552(b)(2) for the alleged unlawful sale of cannabis products. Following a hearing before a hearing officer of the New York City Office of Administrative Trials and Hearings, the hearing officer found that the petitioner was not engaged in the unlawful sale of cannabis products on the date of inspection. However, the Sheriff's Office declined to adopt the hearing officer's findings and, on July 18, 2024, issued a determination directing the continued closure of the petitioner's premises for a period of one year from the date of issuance of the order to seal.
Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination against the City of New York, Preston Niblack, Anthony Miranda, and Asim Rehman (hereinafter collectively the appellants). In an order and judgment entered September 10, 2024, the Supreme Court, inter alia, granted the petition, annulled the determination, and directed the Sheriff's Office to remove the seal from and open the petitioner's premises. This appeal ensued.
"[P]ursuant to the mootness doctrine, courts are precluded from considering questions which, although once live, have become moot by passage of time or change in circumstances" (Kennedy v Suffolk County, 211 AD3d 926, 928 [internal quotation marks omitted]; see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715). "Thus, a matter is academic 'unless an adjudication [*2]of the merits will result in immediate and practical consequences to the parties'" (Hector-Ellis v Mount Sinai Hosp., 242 AD3d 965, 967, quoting Matter of Ruotolo v State of New York Div. of Hous. & Community Renewal, 211 AD3d 955, 957). Here, the determination challenged by the petitioner in this proceeding expired by its terms on July 5, 2025, one year from the date of issuance of the order to seal. Thus, as the appellants correctly concede, the appeal has been rendered academic.
Further, to the extent the appellants contend that this Court should, upon dismissing the appeal, exercise its discretion to vacate the judgment to prevent it "'from spawning any legal consequences or precedent'" (Matter of Goldenstein v New York City Dept. of Health & Mental Hygiene, 242 AD3d 1094, 1096, quoting Matter of Hearst Corp. v Clyne, 50 NY2d at 718), the appellants' contention is without merit.
IANNACCI, J.P., WOOTEN, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court